## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

**DAWN GAIL H.,**

      **Plaintiff,**

**v.**                                      **Case No.: 2:23-cv-00564**

**MARTIN J. O'MALLEY,**
**Commissioner of the**
**Social Security Administration.**

### <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act. (ECF No. 11). Defendant filed a brief in opposition to the amount of fees requested by Plaintiff, (ECF No. 13), and Plaintiff has filed a response to Defendant's objections. (ECF No. 14). For the reasons that follow, the Court **GRANTS**, **in part**, and **DENIES**, **in part**, Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA").

The EAJA allows a civil litigant who prevails against the United States to recover attorney's fees "unless the Court finds that the position of the United States was substantially justified" or "special circumstances make the award unjust." 28 U.S.C. § 2412(d)(1)(A). The fees awarded by the Court must be reasonable.  28 U.S.C. § 2412(b), To receive attorney's fees, the prevailing party submits a fee application with an itemized statement from the party's attorney setting forth the actual time expended and the rate at which fees and other expenses were computed. 28 U.S.C. § 2412(d)(1)(B). "Once the

district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the 'task of determining what fee is reasonable.'" *Mahnken v. Comm'r of Soc. Sec.*, No. 3:21-CV-00349-FDW, 2023 WL 4750125, at *1 (W.D.N.C. July 25, 2023) (quoting *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002)).

The court starts with "a lodestar figure," which is determined by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp*., 549 F.3d 313, 320 (4th Cir. 2008)). The court does not include hours expended that are "excessive, redundant or otherwise unnecessary" because those hours are not considered "reasonable." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). When determining the lodestar amount, the court considers various factors, including (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Robinson,* 560 F.3d at 243-244 (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)). The lodestar figure may be "adjusted upward or downward" based on these twelve factors, as well as other considerations of the court. *Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 709 (E.D. Va. 2012). The

burden of establishing a reasonable rate and demonstrating that a reasonable number of hours were expended rests with the party seeking attorneys' fees. *McGee v. Cole,* 115 F. Supp. 3d. 765, 771 (S.D.W. Va. 2015) (citing *Hensley,* 461 U.S. at 433).

Here, the Commissioner does not dispute that Plaintiff is entitled to attorney's fees under the EAJA. (ECF No. 13 at 1). Moreover, the Commissioner does not object to the hourly rate of $230 for attorneys and $75 for paralegals, and similar rates were recently found to be acceptable in this circuit. *Martin v. Kijakazi*, No. 1:22-CV-848, 2023 WL 5921364, at *3 (E.D. Va. Aug. 31, 2023). However, the Commissioner contends that the amount of the fees requested is excessive. In support of his position, the Commissioner argues that the fees sought include payment for non-compensable and duplicative tasks; the time record contains impermissible block billing; the issues in the case were not complex or novel; there was no need for an intensive review of the medical evidence; the fees requested exceed by $2000 the average fees charged in similar cases; and Plaintiff's counsel is an experienced litigator. (*Id.* at 5-12).

In response, Plaintiff argues that the Commissioner's challenge to the fees is not justified. (ECF No. 14). Plaintiff points out that her attorney was not in the case until after the administrative hearing; accordingly, the attorney had to familiarize himself with the entire record including all of the nonmedical portions. (*Id.* at 2). She adds that a thorough review of the record was required to create a detailed and accurate recitation of facts. (*Id.* at 3). Plaintiff contends that the experience of her lawyer should not be used as a weapon against her, but should be recognized for its value. She maintains that her lawyer's experience should not be punished, but should be rewarded for interjecting efficiency into the process. (*Id.* at 2). Plaintiff opines that it is preferable to be thorough and analyze the issues from all angles before writing the brief even though "[a] short and persuasive

document oftentimes takes more time to prepare than a long and rambling document."
(ECF No. 14 at 2) (quoting *Moore v. Apfel,* 63 F. Supp.2d 905, 907 (N.D. Ill. 1999)).

Having conducted a meticulous review of the itemized time record submitted by
Plaintiff, the transcript and the briefing, the Court finds that there are some time entries
that are not reimbursable because they are duplicative, largely clerical, or are excessive
for the task described in the entry. *See, e.g., McKinney v. Kijakazi,* No. 3:20-CV-
00278KDB-DCK, 2022 WL 17342880, at *1 (W.D.N.C. Nov. 30, 2022) ("[C]lerical tasks
are not compensable."). In at least one district in this circuit, clerical tasks include: (1)
collating and filing documents with the court; (2) issuing summonses; (3) scanning, and
mailing documents; (4) reviewing files for information; (5) printing pleadings and
preparing sets of orders; (6) document organization; (7) creating notebooks or files and
updating attorneys' calendars; (8) assembling binders; (9) emailing documents; and (10)
logistical telephone calls with the clerk's office or the judge's chambers. *Jermaine G. v.
Kijakazi*, No. CV GLS-21-2445, 2023 WL 5346140, at *5 (D. Md. Aug. 21, 2023). Indeed,
even preparing a complaint has been found to be "clerical" in nature by some courts. *Id.*
While substantive discussions with clients are reimbursable, preparing and receiving
documents related to the representation of a client and updating a client on the status of
his case are not reimbursable activities. *Fryar v. Saul*, No. 7:19-CV-198-RJ, 2021 WL
769664, at *3 (E.D.N.C. Feb. 26, 2021). Reviewing court documents generally is a
compensable activity when performed by an attorney, but the amount of time should not
be overstated, and the review should not be duplicated by more than one person. *Id.*

In this case, with respect to the paralegal entries, the first two entries involve
communications with the client and initial paperwork. Because it is impossible to
determine what portion of these entries reflect reimbursable time, one half of that time

will be deducted, leaving .65 hours. Despite the determination of some districts, the undersigned finds that drafting the complaint and IFP are reimbursable activities, but the remainder of the paralegal billing, with the exception of a client call, are either clerical or duplicative of attorney entries. Accordingly, another .4 and .5 will be permitted for paralegal time, totaling 1.55 hours at $75 per hour, or $116.25.

As to attorney entries, editing the complaint should not be necessary given that the paralegal already charged time to draft a short, simple complaint that appears to follow an office template and discuss it with the client. A total of .1 for the review of all of the court documents seems fair. *Taylor v. Kijakazi,* No. 2:21-CV-41-RJ, 2023 WL 2569983, at *2-*3 (E.D.N.C. Mar. 17, 2023). It was not necessary for two attorneys to review the file and it is impossible—due to block billing—to determine how much time was spent identifying issues. Moreover, it is confusing as to what work was completed on 8/22/2023 by Attorney Sbrolla and what was done on 10/20/2023 by Attorney Osterhout. Accordingly, the time billed (2.1 hours) is excluded. The time billed by Attorney Parker for reviewing the file, researching, and preparing a medical summary of 10.7 hours is reasonable. Fourteen hours and 54 minutes to perform additional research and writ and edit the brief is not outside the range of reasonable; however, the review and editing of the brief by a second attorney is duplicative, so 1.8 hours of attorney time charged on 11/16/2023 is excluded. The .2 hours billed for the conference regarding remand, presumably with defense counsel, is acceptable, as is .5 hours for preparing the EAJA petition. Accordingly, considering the *Johnson* factors and counsel's late introduction into the case, total attorney hours of 26.4 hours is acceptable and adds up to $6,072.00.

Accordingly, it is hereby **ORDERED** that Plaintiff is awarded attorney's fees in

accordance with 28 U.S.C. § 2412(d) in the amount of **Six Thousand One Hundred Eighty Eight Dollars and Twenty Five Cents, ($6,188.25).** These attorney's fees shall be paid directly to Plaintiff and delivered to the business address of Plaintiff's counsel. Full or partial remittance of the awarded attorney's fees will be contingent upon a determination by the Commissioner that Plaintiff owes no qualifying, pre-existing federal debt(s). If such debt(s) exists, the attorney's fees awarded in this Order shall be reduced to the extent necessary to satisfy such debt(s).

The Clerk is instructed to forward a copy of this Order to counsel of record.

**ENTERED:**  April 10, 2024

Cheryl A. Eifert
United States Magistrate Judge